Craig L. **MORROW**, Plaintiff–
Appellant,

v.

John S. **FARRELL**, Individually and in his official capacity, Chief, Prince George's County Police; Henry Hamer, Lieutenant, # 687, Individually and in his official capacity, Prince George's County Police Department Internal Affairs Division; Richard Delabrer, Sergeant, # 1446, Individually and in his official capacity, Prince George's County Police Department Internal Affairs Division; Prince George's County, Maryland, a Body Corporate and Politic Office of Law, Defendants–Appellees,

and

John C. Lindsay, Major, # 923, Individually and in his official capacity Prince George's County Policy Department Commander, Inspectional Services; Charles A. Pollock, Captain, # 961, Individually and in his official capacity, Prince George's County Police Department Former Commander, Internal Affairs Division; Orlando D. Barnes, Lieutenant Colonel, # 1209, Individually and in his official capacity, Prince George's County Police Department, Chief, Bureau of Administration; Linda Dixon, Captain, # 887, Individually and in her official capacity, Prince George's County Police Department Inspection Services, Defendants.

No. 02–1342.

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 29, 2002.
Decided Nov. 18, 2002.

David M. Melnick, Rockville, Maryland, for Appellant. Kevin Karpinski, Allen, Karpinski, Bryant & Karp, Baltimore, Maryland, for Appellees.

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Craig L. Morrow appeals from the district court's order granting summary judgment to the Defendants on his employment discrimination action and related claims. Morrow claims that the district court abused its discretion in denying his request for additional discovery, pursuant to Fed.R.Civ.P. 56(f), prior to its entry of summary judgment. Finding no reversible error, we affirm.

In declining to order a continuance under Rule 56(f), the district court noted that Morrow had failed to identify any specific facts that he was yet to discover. Rather, the court concluded that Morrow sought a "fishing expedition" in that he made only generalized statements about disparate treatment by the Prince George's County Police Department's disciplinary system without specifying what discovery might be needed or pointing to specific facts that might merit further discovery. Moreover, Morrow had several months from the time he filed his complaint until the summary

judgment motion was filed to conduct discovery, yet failed to do so. We find that the district court did not abuse its discretion in denying the Rule 56(f) motion. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir.1995).

Accordingly, we affirm the district court's order granting summary judgment in favor of the Defendants on the reasoning of the district court. *See Morrow v. Farrell*, No. CA–01–1221–CA (D.Md. Feb. 25, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*